### LESSOR MADE JOINT TORT FEASOR WITH LESSEE.

Court of Appeals for Hamilton County.

THE KROGER GROCERY & BAKING COMPANY v.
BLANCHE GREENLAND.*

Decided, July 13, 1914.

*Landlord and Tenant—Made Joint Tort Feasors—By Settlement with Landlord for Injury Received on the Premises.*

Settlement with the lessor for injuries received on the premises makes the lessor a joint feasor with the lessee and bars an action against the lessee for damages on account of the same injury.

*R. A. LeBlond,* for plaintiff in error.
*O. M. Dock,* contra.

---

*Affirmed without opinion, *Greenland* v. *Kroger Grocery & Baking Co.,* 92 Ohio State, —.

Jones (E. H.), J.

In the court below the defendant in error recovered a judgment of $1,000 against the plaintiff in error, as damages for injuries received by her through an alleged defect in the sidewalk at the base of steps leading into the store of the plaintiff in error company on Reading road in the city of Cincinnati.

Four grounds of reversal are set forth and argued in the brief for plaintiff in error, as follows:

1.  That there was no liability on the part of the defendant below.

2.  That the plaintiff was guilty of contributory negligence and could not recover.

3.  That there was no evidence of the defendant having created or maintained the defect complained of.

4.  That the plaintiff's release to Mrs. Thale, as set up in the second defense of the answer, was a complete defense both under the doctrine of estoppel and as a full settlement of the injury received.

As to the first three grounds, we find against the plaintiff in error.

The question presented by the fourth proposition is one not free from difficulty, and one to which we have given much time and thought. After examining the authorities cited in the excellent briefs of counsel on both sides we have reached the conclusion that the settlement with, and the release given, to Mrs. Thale, the lessor, to Mrs. Greenland, was a bar to any action against the Kroger Grocery & Baking Company. Said release reads as follows:

"Cincinnati, Ohio, May 9, 1911.

"Know All Men by These Presents:

"That Whereas, Blanche Greenland, is about to institute an action for damages resulting from an injury sustained on the 11th day of March, 1911, on the premises of Christina Thale, in the Court of Common Pleas of Hamilton County, Ohio, and whereas the said Blanche Greenland and the said Christina Thale, through their respective attorneys, have agreed to compromise and settle said claim and all liability in the premises against the said Christina Thale by the payment to the said

Blanche Greenland or her attorney, by the said Christina Thale, the sum of three hundred ($300) dollars.

"*Now, Therefore,* I, Blanche Greenland, in consideration of said sum of three hundred ($300) dollars, received to my full satisfaction of the said Christina Thale, do hereby release and forever discharge the said Christina Thale from all claims, demands, damages, actions and causes of actions whatsoever, including such as have arisen by reason of or in any manner grow out of said injury.

"In Witness Whereof I have hereunto set my hand this 9th day of May, 1911.

" (Signed)  Blanche Greenland.

"In presence of
"Oliver M. Dock."

The petition in this case shows that the injuries therein complained of are the same injuries for which Mrs. Thale settled with Mrs. Greenland, and in the threatened suit against Mrs. Thale, had the same been brought, the allegations of negligence would necessarily have been similar to those contained in the petition herein.

Cooley gives the test to be applied in determining whether two or more persons are joint tort feasors in the following language (*Cooley on Torts,* 3d Ed., 246):

"In respect to negligent injuries there is considerable difference of opinion as to what constitutes joint liability. The authorities are, perhaps, not agreed beyond this, that where two or more owe to another a common duty, and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability. The weight of authority will, we think, support the more general proposition that where the negligences of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, design or concert action."

It is well settled in Ohio, and conceded by counsel on both sides in this case, that but one satisfaction of a claim existing against tort feasors can be enforced. By her action in this case in making claim against Mrs. Thale, Mrs. Greenland has made Mrs. Thale a tort feasor, and the tort is joint as between Mrs. Thale and the Kroger Grocery & Baking Company. The motion

for judgment in favor of the defendant below should have been granted, and in refusing same the court erred.

Judgment reversed, and judgment will be entered here for plaintiff in error.

SWING, J., and JONES (Oliver B.), J., concur.